# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RANDELL T. MAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case Number 2:12-CV-0285-SLB |
| | ) |
| **AMERICAN CAST IRON PIPE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 6.)[1] Plaintiff Randell T. May has sued his former employer, American Cast Iron Pipe Company [ACIPCO], alleging that defendant failed to accommodate his disability.[2] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 6), is due to be denied in part and granted in part. However, as set forth below, before dismissing plaintiff's complaint, the court will give plaintiff an opportunity to file a Second Amended Complaint which states

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Plaintiff's Application to proceed in forma pauperis stated that a woman and a white male were placed in jobs that plaintiff could have performed with his permanent restrictions. (Doc. 1 at 4-5.) The court interpreted these allegations to state a claim for sex and race discrimination, as well as disability discrimination. (Doc. 2 at 3-4.) However, his amended Complaint contains only allegations of disability discrimination. (Doc. 3 at 2.) Plaintiff's failure to include these claims in his amended Complaint operates as a voluntary dismissal of these claims. *See Cavalino v. Cavalino*, 601 F. Supp. 74, 76 (N.D. Ga. 1984).

sufficient facts to support an ADA disability discrimination claim. Therefore, the Motion to Dismiss will be denied.

## MOTION TO DISMISS STANDARD

Defendant has moved to dismiss plaintiff's amended Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

The purpose of a motion authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the facial sufficiency of the plaintiff's statement of a claim for relief. When addressing a 12(b)(6) motion to dismiss, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)). To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

## DISCUSSION

Plaintiff's amended Complaint states:

> 1. Randell May is an individual and resident of Birmingham[,] [Alabama].
>
> 2. Defendant is a company and[,] at the time of this complaint, [a] resident of Birmingham[, Alabama].
>
> 3. On December 9, 2010[,] Plaintiff was injured on the job.
>
> 4. Plaintiff was put on light duty.
>
> 5. [In] April of 2010 Plaintiff had surgery and was given permanent restrictions.
>
> 6. [On] November 2, 2010[, plaintiff] was terminated [because defendant could] no longer accommodate [his] restrictions.
>
> COUNT 1 – NEGLIGENCE
>
> Defendant failed to accommodate [plaintiff's] restrictions. Jobs have come open but [plaintiff was not] given a chance at the job due to [his] disability.

(Doc. 3 at 2.)

Defendant has moved to dismiss plaintiff's on the following grounds: (1) the court lacks subject-matter jurisdiction, (2) plaintiff failed to timely file his complaint, (3) the exclusivity provision of the Alabama Workers' Compensation law bars plaintiff's claim, and (4) plaintiff's amended Complaint fails to state a claim for which relief can be granted. (*See generally* doc. 6.)

**A.  SUBJECT-MATTER JURISDICTION**

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Defendant contends that plaintiff's amended Complaint "fails to make any assertions tending to establish federal subject-matter jurisdiction. There is no reference whatsoever to any federal statute, treaty, or constitutional provision, and the only claim alleged is one of negligence, a common law tort claim governed by state law," and that the complaint does not "establish diversity of citizenship, as it specifically alleges that both plaintiff and defendant

4

are residents of Birmingham, Alabama." (Doc. 6 ¶¶ 3, 4.). Therefore, it argues that plaintiff's amended Complaint is due to be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1), based on a lack of subject-matter jurisdiction.

The court finds that plaintiff's amended Complaint attempts to assert a claim for wrongful termination under the Americans with Disabilities Act [ADA], 42 U.S.C. § 12112.[3] Plaintiff contends that he was terminated because defendant would not accommodate his restrictions. (Doc. 3 at 2.) Under the heading "Negligence," plaintiff states, "Defendant failed to accommodate my restrictions. Jobs have come open but I wasn't given a chance at

---

[3]Section 12112 states, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

> As used in subsection (a) of [§ 12112], the term "discriminate against a qualified individual on the basis of disability" includes –
>
> . . .
>
> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
>
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant . . . .

*Id*. (b)(5)(A)-(B).

5

the jobs due to my disability." (*Id*.) The fact that plaintiff does not cite the ADA does not doom his claim.

"The law is clear that pro se pleadings are held to a less demanding standard than counseled pleadings and should be liberally construed." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013)(citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Also, as this court has held:

> "Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008)(citing Fed. R. Civ. P. 8(a)(2))(emphasis in original).
>
>> The Federal Rules of Civil Procedure require only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food & Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989); *see also Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.").
>
> *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997). "A plaintiff is not required to set forth a legal theory to match the facts, so long as some legal theory can be sustained on the facts pleaded in the complaint." *O'Grady v. Village of Libertyville*, 304 F.3d 719, 723 (7th Cir. 2002)(citing *Wudtke v. Davel*, 128 F.3d 1057, 1061-62 (7th Cir. 1997)). "Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotations and alterations omitted).

*Jackson v. City of Centreville*, 899 F. Supp. 2d 1209, 1226 (N.D. Ala. 2012).

Although the count in plaintiff's Complaint is for "Negligence," a count over which this court would not have jurisdiction, the only facts alleged in the Complaint attempt to state a claim for relief under the ADA. These facts, not plaintiff's use of the term "Negligence," support a finding that, if plaintiff has alleged a cause of action, it is a cause of action arising under federal law, as set forth in the ADA. Therefore, defendant's Motion to Dismiss for lack of jurisdiction will be denied.

## B.  STATUTE OF LIMITATIONS

Defendant argues that plaintiff's claim is barred by the statute of limitations. Specifically, it contends that plaintiff did not file his Complaint within 90 days of the receipt of his right-to-sue letter from the EEOC. (Doc. 6 at 3-4.)

In promulgating the ADA, Congress adopted the charge-filing procedures set forth in Title VII. 42 U.S.C. § 12117(a)(citing 42 U.S.C. § 2000e-5). These procedures require, *inter alia,* that an employee file a Charge with the EEOC within 180 days of the date of the discrimination, and, after the EEOC issues a right-to-sue letter, the employee must file suit in the district court within 90 days. 42 U.S.C. § 2000e-5(e)-(f).

In this case, the EEOC sent plaintiff a Dismissal and Notice of Rights, commonly referred to as a right-to-sue letter, on November 29, 2011. (Doc. 1 at 10.) On January 27, 2012, plaintiff filed an Application Under 706(f) of the Civil Rights Act of 1964 for appointment of an attorney and for leave to proceed *in forma pauperis*. (Doc. 1 at 1.) The

7

court granted in part and denied in part his application and ordered plaintiff to file an amended Complaint. (Doc. 2.) Plaintiff filed his amended Complaint on March 11, 2013. (Doc. 3 at 1.)

Defendant contends that plaintiff's "application for appointment of an attorney and request for pauper status that plaintiff filed on January 27, 2012[,] is not a complaint and cannot be treated as a complaint." (Doc. 6 at 4.) It argues that plaintiff's application is not equivalent to a complaint because "[i]t did not contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' as required by Fed. R. Civ. P. 8(a)(2)." (*Id*.) The court disagrees.

Plaintiff's application, under the heading, "Nature of Alleged Discrimination," notes, "ACIPCO has fired [plaintiff] because [he] was injured on the job and it [had] jobs [that would] have accommodated [his] permanent restrictions." (Doc. 1 at 4.) He also attached his EEOC charge to the application. (*Id*. at 9.) The Charge states:

> I am a Black male with a disability. I was hired by [ACIPCO] on February 24, 2004[,] as a laborer. I progressed to a machinist [position]. I had no problems performing the duties of my job. On December 9, 2009, I received an on the job injury. I was required to return to work [on] December 11, 2009, two days after the injury. In January 2010, I was placed in the safety office to work because of the injury. The injury continued to worsen and surgery was performed on April 2, 2010. I was required to return to work on April 4, 2010[,] and was still in the safety office. The doctor placed me with a permanent restriction. In July 2010, I requested to be placed in a full time position in either the safety office or the mail room where there were positions available that I could perform. I [bid] on a position in the mail room but it was awarded to a White female in October 2010 who had less seniority than me. The employer refused to accommodate my disability. On November 2, 2010, I was terminated.

> The reason given for not awarding me the position in the mail room was that I had restrictions . . . . The reason for the termination was that the company could not accommodate me because of my restrictions . . . .

(*Id.*)

Under the circumstances the court finds that plaintiff's application, which was filed less than 90 days after he received his right to sue letter, "more than comprises a short and plain statement of the plaintiff's claim," and, therefore, the application will be treated as a complaint for purposes of the statute of limitations. *See Robinson v. City of Fairfield*, 750 F.2d 1507, 1511 (11th Cir. 1985).

Defendant's Motion to Dismiss based on plaintiff's failure to timely file his complaint will be denied.

## C.  WORKERS' COMPENSATION CLAIM

Defendant contends that plaintiff's "Negligence" claim is "barred by Alabama's workers' compensation exclusivity rule." (Doc. 6 at 5.)  The court disagrees.

Plaintiff's claim is based on his termination, which was the result of defendant's alleged failure to accommodate his disability; he does not allege or claim defendant is liable for his work injury under common-law negligence, despite stating Count 1 of his Complaint is for negligence.  (Doc. 3 at 2.)

> Under Alabama law –
>
> Except as provided in this chapter, no employee of any employer subject to this chapter . . . shall have a right to any other method, form, or amount of compensation or damages ***for an injury or death occasioned by an accident*** or occupational disease proximately resulting from and ***while engaged in the***

> ***actual performance of the duties of his or her employment*** and from a cause originating in such employment or determination thereof.

Ala. Code § 25-5-52 (emphasis added).  Also –

> The rights and remedies granted in [Alabama's Workers' Compensation law] to an employee shall ***exclude*** all other rights and remedies of the employee . . . at common law, by statute, or otherwise on account of ***injury, loss of services, or death***.  Except as provided in this chapter, ***no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident*** or to an occupational disease ***while engaged in the service or business of the employer***, the cause of which accident or occupational disease originates in the employment. . . .

Ala. Code § 25-5-53 (emphasis added).

The terms of Alabama's Workers' Compensation statutes do not bar plaintiff's ADA claim.  Therefore, defendant's Motion to Dismiss on this ground will be denied.

## D.  PLEADING DISABILITY DISCRIMINATION

Defendant argues that, "even if plaintiff's negligence claim is interpreted as a claim that defendant violated the ADA, the complaint still fails to plead plaintiff's status as a 'qualified individual with a disability,' which is required in order to state a claim under the ADA."  (Doc. 6 at 5-6 [citing *Cramer v. State of Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997)(citing *Holbrook v City of Alpharetta*, 112 F.3d 1522, 1526 (11th Cir. 1997))].)

"A plaintiff states a prima facie case of disability discrimination by alleging that: (1) 'he has a disability'; (2) 'he is qualified to serve [in his position], with or without some reasonable accommodation by the [employer], despite his disability'; and (3) 'he has suffered an adverse employment action because of his disability (*i.e.*, that he has suffered employment

discrimination).'" *Lewis v. Guy*, No. 2:12-CV-2250-SLB, 2013 WL 5289957, *3 (N.D. Ala. Sept. 18, 2013)(quoting *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998)(citation omitted). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[4] 42 U.S.C. § 12102(1)(A). However, "the mere existence of a physical impairment does not constitute a disability under the ADA;" the statute requires that the physical impairment must also substantially limit a major life activity. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

Plaintiff's amended Complaint states only that he was injured on the job and, as a result, he has permanent restrictions. (Doc. 3 at 2.) He does not describe his injury, the resulting permanent restrictions, or how these restrictions limit one or more of his major life activities.[5] (*Id*.) He has not alleged facts sufficient to support an inference that he could

---

[4]The regulations define "a physical or mental impairment" as "Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine," or "Any mental or psychological disorder, such as an intellectual disability . . . , organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h)(1)-(2). Also, the regulations state, "Major life activities include, but are not limited to: Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working . . . ." *Id*. (i)(1)(i).

[5]Defendant submitted the Complaint and Final Judgment from plaintiff's workers' compensation case. (*See* doc. 6-1.) However, the court has not considered these documents in deciding defendant's Motion to Dismiss for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(d).

perform his prior job with a reasonable accommodation or that his temporary position in the safety room was available as a permanent position. (*Id*.) Such allegations are necessary to state a claim for disability discrimination. Therefore, defendant's Motion to Dismiss for failure to state a claim is due to be granted. However, before dismissing plaintiff's complaint, the court will give him leave to file a Second Amended Complaint, which states sufficient facts to support an ADA disability discrimination claim.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss will be denied with prejudice as to its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and the exclusivity provision of Alabama Workers' Compensation law, as well as the statute of limitations. Defendant's Motion to Dismiss on the basis of plaintiff's failure to state a claim will be denied without prejudice. If plaintiff fails to file an Amended Complaint by the deadline given in the court's Order, the court will *sua sponte* dismiss his Complaint for failure to state a claim. If plaintiff files an Amended Complaint, defendant should respond as appropriate, that is, either by filing a Motion to Dismiss or an Answer.

An Order denying defendant's Motion to Dismiss, (doc. 6), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 16th day of March, 2014.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE