FILED
2014 May-27 AM 11:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RANDELL T. MAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case Number 2:12-cv-0285-SLB |
| | ) |
| **AMERICAN CAST IRON PIPE COMPANY,** | ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 12.)[1] For the reasons set forth below, defendant's Motion to Dismiss is due to be granted and plaintiff's claims are due to be dismissed with prejudice.

On March 17, 2014, this court ordered plaintiff to "file a second Amended Complaint" that "set forth specific factual allegations including, but not limited to, whether plaintiff is a qualified person with a disability." (Doc. 10 at 1-2.) Specifically, this court stated:

> "A plaintiff states a prima facie case of disability discrimination by alleging that: (1) 'he has a disability'; (2) 'he is qualified to serve [in his position], with or without some reasonable accommodation by the [employer], despite his disability'; and (3) 'he has suffered an adverse employment action because of his disability (*i.e.*, that he has suffered employment discrimination).'" *Lewis v. Guy*, No. 2:12-CV-2250-SLB, 2013 WL 5289957, *3 (N.D. Ala. Sept. 18, 2013)(quoting *Doe v. Dekalb Cnty. Sch. Dist.*, 145

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

> F.3d 1441, 1445 (11th Cir. 1998)(citation omitted).  The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). However, "the mere existence of a physical impairment does not constitute a disability under the ADA;" the statute requires that the physical impairment must also substantially limit a major life activity. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).
>
> Plaintiff's amended Complaint states only that he was injured on the job and, as a result, he has permanent restrictions. (Doc. 3 at 2.) He does not describe his injury, the resulting permanent restrictions, or how these restrictions limit one or more of his major life activities. (*Id*.) He has not alleged facts sufficient to support an inference that he could perform his prior job with a reasonable accommodation or that his temporary position in the safety room was available as a permanent position. (*Id*.) Such allegations are necessary to state a claim for disability discrimination.

(Doc. 9 at 10-12 [footnotes omitted].)

Plaintiff filed a second amended Complaint, but this Complaint does not contain the facts identified by this court as necessary to state a claim for disability discrimination. (Doc. 11.)

Defendant asks the court to dismiss plaintiff's amended Complaint. (Doc. 12.) The court gave plaintiff an opportunity to respond, (doc. 13); however, plaintiff has filed no opposition to defendant's Motion.

The court finds that plaintiff's Complaint, filed March 26, 2014, (doc. 11), does not correct the deficiencies explicitly stated in the court's Memorandum Opinion, (doc. 9 at 10-12).  Therefore, plaintiff's Complaint will be dismissed for failure to comply with the court's Memorandum Opinion and Order.

Also, court notes that plaintiff's second amended Complaint alleges, "Jobs have been filled by a [Caucasian] female and male[.] Plaintiff was [overlooked] due to age, race, sex, and disability." (Doc. 11 ¶ 8.) To the extent plaintiff seeks to assert claims based on his age,[2] race, [and] sex these claims are raised too late. When plaintiff filed this action and requested leave to proceed in forma pauperis, the court ordered him to file an amended complaint that conformed with the Federal Rules of Civil Procedure 8, 10, and 11. (Doc. 2.) In response, plaintiff filed an amended Complaint stating only a claim for disability discrimination. (Doc. 3.) The failure to include age, race, and/or sex discrimination claims in his first amended Complaint had the effect of dismissing these claims. *See Cavalino v. Cavalino*, 601 F. Supp. 74, 76 (N.D. Ga. 1984). Even if these claims were not deemed dismissed by failure to include them in his first amended Complaint, the court would not allow this second amended Complaint because he has failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.[3] Also, his second amended Complaint fails to allege

---

[2]Plaintiff does not allege his age; however, he does allege that he was younger than his replacement and that he was not given the job of maintenance clerk because he was a "young black male." (Doc. 11 ¶¶ 10, 12.) The Age Discrimination in Employment Act [ADEA] prohibits discrimination against an individual because he is over forty years old. It provides no protection against discrimination based on youth.

[3]Plaintiff's second amended Complaint contains no counts. It simply contains a number of fact statements without any attempt to relate these facts to identifiable legal claims for relief.

sufficient facts to set forth plausible claims against defendant based on age, race, and sex discrimination.[4]

At this point, the court will not allow plaintiff a third opportunity to amend his Complaint to try to re-allege these claims in accordance with the court's prior orders. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. The district court, however, need not allow an amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed.")(internal quotations and citations omitted).

Therefore, defendant's Motion to Dismiss Plaintiff's Amended Complaint, (doc. 12), will be granted and plaintiff's claims will be dismissed with prejudice.

**DONE** this 27th day of May, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[4] He makes no allegation that he was qualified to perform the mail room, safety office, and/or maintenance clerk jobs, with his alleged partial permanent limitations whatever they may be, or that such jobs were available on a permanent basis. From evidence submitted by defendant with its first Motion to Dismiss, the court notes that plaintiff had 9% partial permanent disability due to a knee injury but he was not under a doctor's care or receiving pain medication. (Doc. 6-1 at 15-16.)